The order below is hereby signed.

Signed: February 25 2014



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MICHAEL LAWRENCE ROSEBAR,          )    Case No. 13-00535
                                   )    (Chapter 7)
                Debtor.            )
_____    )
                                   )
DAVID BROOKS,                      )
                                   )
                Plaintiff,         )
                                   )
        v.                         )    Adversary Proceeding No.
                                   )    13-10036
MICHAEL LAWRENCE ROSEBAR,          )
                                   )
                Defendant.         )

ORDER QUASHING
NOTICE OF DEPOSITION AND ITEM NO. 8 OF THE REQUEST TO PRODUCE

The plaintiff, David Brooks, has filed a *Motion Seeking*

*Sanctions for Continued Failure of Debtor's Attorney to Obey*

*Court Order and to Strike Notice of Deposition and Notice of*

*Hearing on Motion* (Dkt. No. 19) ("*Motion*").[1]  The court held a

_____

[1]  This *Motion* was first filed in the main case, Case No.
13-00535, but it relates to discovery in this adversary
proceeding.  At the hearing on the *Motion*, the court indicated
that the clerk should re-docket the *Motion* in the adversary
proceeding.  The *Motion* has now been docketed in this adversary
proceeding as Docket Number 19.

hearing on the *Motion* on February 24, 2014.  For the reasons
stated at the hearing, it is

ORDERED that the notice to take Katherine Sutcliffe Becker's
deposition is QUASHED.  It is further

ORDERED that item no. 8 on the Request for Production of
Documents is QUASHED.  It is further

ORDERED that should Brooks file any motion for Rule 37
sanctions with respect to the relief granted in this Order, he is
directed to file such motion in this adversary proceeding, not in
the main case.  It is further

ORDERED that the clerk shall edit the docket in the main
case to reflect that the *Motion* has been docketed in Adversary
Proceeding No. 13-00535 for disposition in the adversary
proceeding.

[Signed and dated above.]

Copies to: All counsel of record.

2

The document below is hereby signed.

Signed: February 25, 2014



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL LAWRENCE ROSEBAR, | ) | Case No. 13-00535 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DAVID BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 13-10036 |
| MICHAEL LAWRENCE ROSEBAR, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
_MOTION FOR RELIEF OF JUDGMENT AND TO SUPPLEMENT THE RECORD_

The defendant has filed a _Motion for Relief of Judgment and
to Supplement the Record_ seeking to vacate the order quashing the
notice to take the deposition of Katherine Sutcliffe Becker.  The
plaintiff, David Brooks, was entitled to file a motion to quash
the notice to take deposition, thereby obtaining a protective
adjudication that the defendant would not be allowed to depose
Becker.  He was entitled to assume that a subpoena would follow
the notice to take deposition.  In any event, until the notice to

take deposition was withdrawn, he was entitled to assume that the notice would be amended if no subpoena had yet been served on Becker in time enough to permit her to be deposed on the stated date.  Unlike the miscellaneous proceeding in *In re Amfin Financial Corporation*, 503 B.R. 1 (Bankr. D.D.C. 2014), a matter in which this court was not the home court where the adversary proceeding was pending, the adversary proceeding here is pending in this court, and this court is authorized to issue orders of a protective nature, regardless of whether a subpoena has issued or not.  It is thus

ORDERED that the defendant's *Motion for Relief of Judgment and to Supplement the Record* (Dkt. No. 21) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.

The document below is hereby signed.

Signed: February 19, 2015



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge




UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                         )
                              )
MICHAEL LAWRENCE ROSEBAR,     )    Case No. 13-00535
                              )    (Chapter 7)
              Debtor.         )
_____)
                              )
DAVID BROOKS,                 )
                              )
              Plaintiff,      )
                              )
         v.                   )    Adversary Proceeding No.
                              )    13-10036
MICHAEL LAWRENCE ROSEBAR,     )
                              )    Not for publication in
              Defendant.      )    West's Bankruptcy Reporter.
```

### MEMORANDUM DECISION RE BROOKS'S *MOTION FOR SANCTIONS*

     To the extent set forth below, the court will grant the

*Motion For Sanctions Pursuant to Rule 9011 and Section 1927* filed

by the plaintiff, David Brooks, on June 18, 2014 (Dkt. No. 75).

The *Motion* seeks an imposition of sanctions against defendant's

attorney, William C. Johnson, Jr.

I

On May 5, 2014, Brooks mailed to Johnson an identical copy
of the *Motion.*  At a hearing of February 5, 2015, the court
rejected Johnson's contention that Brooks had not mailed the
*Motion* to him.  It is worthwhile to supplement that ruling by
noting (1) that Johnson raised the contention that the *Motion* was
not mailed to him by first class mail very belatedly, thus
casting doubt on the reliability of his belief that he did not
receive a mailed copy of the *Motion*; and (2) that because Johnson
did not raise improper service as a defense in his opposition to
the *Motion*, service by e-mail of the e-mailed version itself can
serve as a basis for imposing sanctions on Johnson pursuant to
the *Motion*.

A.

On the same day that Brooks mailed a copy of the *Motion* to
Johnson, May 5, 2014, Brooks sent an e-mail to Johnson attaching
what Brooks thought was a copy of the *Motion* but which was
instead an unsigned earlier draft which did not include the
*Motion*'s exhibits, and which included minor immaterial
differences.  For example, the e-mailed version included an
immaterial footnote that was not included in the filed version.
A marked-up copy of the e-mail version is attached to show the
differences in the text in comparison to the filed version.  The
draft e-mailed to Johnson included an unsigned certificate of

2

service which indicated that Brooks sent a copy to Johnson by first class mail on the same date of May 5, 2014.

Brooks later prematurely filed the *Motion* on May 28, 2014 (Dkt. No. 61).  When Brooks filed the *Motion* on May 28, 2014, it included the certificate of service he had attached to the *Motion* when he mailed it by first class mail to Johnson on May 5, 2014, and which certified that he had served the motion via first-class mail on May 5, 2014.  Johnson opposed the *Motion* (Dkt. No. 61) on June 12, 2014 (Dkt. No. 67).  Importantly, his opposition did not raise a defense that the *Motion* had not been mailed to him as reflected by the certificate of service appended to the *Motion*. Instead, he argued that the *Motion* was procedurally improper because the e-mailed version differed from the filed version. Accordingly, Johnson was treating the e-mailing as proper service (or was assuming that the e-mailed version was identical to any version mailed to him on the same date of May 5, 2014).

The court denied Brooks's *Motion* (Dkt. No. 61) without prejudice on June 13, 2014 (Dkt. No. 68) on the basis that Brooks failed to wait the required number of days after serving the motion **by mail** to file the motion, pursuant to Rule 9011's 21-day safe harbor provision and Rule 9006(f)'s requirement of an additional 3 days when service is made by first-class mail.  On June 18, 2014, Brooks re-filed the *Motion* (Dkt. No. 75).  The *Motion* was identical to the one filed on May 28, 2014, and

3

included the Brooks's certification that he had served it via first-class mail on May 5, 2014.

On June 18, 2014, Johnson served his own motion for sanctions (later filed as Dkt. No. 80 on July 15, 2014), alleging that Brooks's *Motion* was procedurally noncompliant because it "is a 'modified' version of his May 5, 2014 Motion . . . ." Dkt. No. 80 at 5. On July 1, 2014, Johnson filed an opposition (Dkt. No. 77) to Brooks's *Motion*, once again asserting that "the 'safe harbor' motion presented on May 5, 2014 is without exhibits and footnotes and is substantially different from the motion filed." He once again treated the e-mailing by Brooks of what, by accident, was an earlier draft of the *Motion* as effective service of that version of the *Motion*.[1]

On July 9, 2014, Brooks filed his *Reply* (Dkt. No. 78), noting:

> The operative service was the copy Brooks sent via
> first class mail. . . . Johnson's present argument is

---

[1]   In the *Memorandum* in support of his opposition, he noted that "the initial motion served via e-mail May 5, 2014, without exhibits, is different from the version filed with the Court on May 28, 2014," *Mem*. at 2 (footnote omitted), and argued that:

> To comply with Rule 9011's requirement that the motion be
> filed only after the offending paper is not withdrawn
> within 21 days after service, the motion filed must be
> identical to the one served. The instant motion, as well
> as its' [sic] May 28, 2014 predecessor, is not identical
> to the May 5, 2014 "safe harbor" motion and should be
> denied for that reason."

*Id.* at 6-7.

> inapposite because the copy sent via e-mail was not
> intended to constitute service of the motion.  Indeed,
> the law does not allow for service by e-mail.

*Reply* at 4.  It was only after Brooks filed his *Reply* on July 9,
2014 (65 days after he served the *Motion* on May 5, 2014, and sent
Johnson his e-mail of the same date) that Johnson asserted that
the *Motion* had not been mailed to him.

That assertion was made on July 25, 2014, and arose as
follows.  On July 18, 2014, Brooks filed an opposition (Dkt. No.
82) to Johnson's motion for sanctions (Dkt. No. 80).  In it,
Brooks made the same point that he had made in his *Reply* of July
9, 2014, namely, that he served his *Motion* by first class mail on
May 5, 2014, so that the e-mailed version of May 5, 2014, was of
no consequence if the slight variances mattered.  On July 25,
2014, Johnson filed a reply (Dkt. No. 83) to Brooks's opposition,
claiming for the first time that Brooks's *Motion* falsely stated
that he had mailed the same to Johnson.

This all suggests that Johnson turned his attention to
whether a copy of the *Motion* been mailed to him by first class
mail only when (65 days after May 5, 2014) Brooks raised the
point that the copy served by first class mail was identical to
the filed *Motion*.  This casts doubt on the reliability of
Johnson's belief that he never received the copy of the *Motion*
mailed to him on May 5, 2014.  This only serves to strengthen my
conviction that Brooks did indeed send a copy of the *Motion* (as

5

filed) to Johnson via first class mail on May 5, 2014.

B.

In addition, as noted above, Johnson treated the e-mailing to him as valid service of the e-mailed version.  Because Johnson treated the e-mailing as proper service of the e-mailed version that warrants treating such service as proper service of the e-mailed version.  Johnson was not entitled late in the game (more than 65 days after the e-mailing of May 5, 2014) to change his position and treat only mail service as valid service.  By then, Brooks had expended substantial effort pursuing his *Motion*, and Johnson ought not be allowed belatedly to treat the e-mail service of the e-mailed version as improper service of that version.

The e-mailed version was substantially the same as the filed *Motion* except it did not include exhibits.  Brooks was not required to include his exhibits with his *Motion.*  The issue then is whether the variances between the e-mailed version and the filed *Motion* require denial of the *Motion*.  They do not.  In my prior *Memorandum Decision and Order Setting Hearing on Motions for Sanctions* entered December 29, 2014, I overlooked the fact that Johnson had treated the e-mailed version as having been properly served, but addressed what would be the outcome if the e-mailed version *had* been properly served, reasoning:

> *Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339-40 (N.D. Iowa 2007), relied upon by

6

Brooks, is distinguishable.   There, the movant **made proper service** of an earlier version of the movant's motion that included portions not included in the filed version. Here, Brooks **did not make proper service** of the e-mailed version of the motion.   Accordingly, *Ideal Instruments* does not save the day for Brooks. The outcome might be different if Brooks *did* make proper service of the e-mailed version of the motion.   True, Brooks's emailed motion did *not* include exhibits (which provide the evidence of the factual inaccuracies addressed by the motion), whereas the motion that was filed *did* include exhibits, and, accordingly, in contrast to *Ideal Instruments*, the e-mailed version here was *less* extensive than the filed version rather than *more* extensive than the filed version.   However, if the e-*mailed* wrong version had been properly served, the reasoning of Ideal Instruments would permit the court to proceed to rule, after a hearing, on the filed correct version of the motion. The e-mailed wrong version of the motion alerted Johnson to the basic reasons why he had allegedly violated Rule 9011, and warned him that he ought to proceed to withdraw the papers of which Brooks complained if he were to escape Rule 9011 sanctions in the event the court found that Rule 9011 sanctions occurred.   *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012), declining "to read into the rule a requirement that a motion served for purposes of the safe harbor period must include supporting papers such as a memorandum of law and exhibits."   The exhibits were the evidence to back up Brooks's contention that Johnson had committed factual inaccuracies.  At a hearing on a properly served version of the motion that failed to attach exhibits, Brooks would be free to submit the exhibits as evidence in support of his motion: a party is not required to submit evidence in support of a motion at the time the motion is filed.

*Mem. Dec.* at 7-8.  Because Johnson is barred from contending that

the e-mailing of the e-mailed version was improper service, it

follows, based on the foregoing reasoning, that such service is

to be treated as proper service of the e-mailed version, and that

the variances between the e-mailed version and the filed *Motion*

7

are not a basis for denying the filed *Motion*.

II

Pursuant to the *Memorandum Decision and Order Setting Hearing on Motions for Sanctions* entered December 29, 2014, the court held a hearing of February 3, 2015, at which the court first addressed the issue of whether Brooks had mailed his motion to Johnson.  After hearing evidence and argument, the court found that Brooks did mail his motion to Johnson.  The court ruled that Johnson's motion for sanctions (Dkt. No. 80) must be denied.

The court then heard evidence and argument on the merits of Brooks's motion.  The court will grant the motion to the extent discussed herein.

Brooks contends that Johnson has violated Rule 9011 by failing to perform a reasonable factual inquiry before making false allegations against Brooks in multiple documents filed on behalf of the debtor, including:

- the *Motion for Summary Judgment* (Dkt. No. 45, filed April 2, 2014);

- the *Opposition to Plaintiff's Motion for Summary Judgment* (Dkt. No. 56, filed April 23, 2014); and

- the *Limited Opposition to Creditor David Brooks'* [*sic*] *Expedited Motion Seeking Sanctions* (Dkt. No 125 in the main bankruptcy case, filed February 18, 2014).

Brooks's Motion for Sanctions ("Brooks Motion"), p. 1-2.

8

Brooks's reply memorandum also references the *Pretrial Statement* that Johnson filed (Dkt. No. 49, filed April 16, 2014). Brooks's Reply Memorandum ("Brooks Reply"), p. 7-8.  Also pertinent are Johnson's opposition to the instant motion (Dkt. No. 77, filed July 1, 2014) and Johnson's opposition to Brooks's May 28, 2014, motion for sanctions (Dkt. No. 67, filed June 12, 2014).

Brooks contends that not only did Johnson fail to perform a reasonable factual inquiry but also that Johnson continued to present allegations to the court even after Brooks provided documents showing that the allegations were false.  Brooks served Johnson via first-class mail with a copy of his motion and exhibits on May 5, 2014.  After May 5, Johnson filed an opposition on to the motion (when it was filed prematurely on May 28, 2014) and an opposition to the instant motion, both containing the same objected-to allegations.  Johnson has not withdrawn or amended any of the objected-to filings.

A.

Brooks points specifically to Johnson's repetitive allegations regarding the history of several different cases, including this excerpt from Johnson's *Motion for Summary*

*Judgment*:[2]

21.   The plaintiff David Brooks has a long history of
either filing cases against the defendants [*sic*] or
instigating cases against the defendants [*sic*]. The case
history includes, but is not limited to, the following:

Brooks v. Rosebar – CAL13-03296
Brooks v. Rosebar – 0501SP026522013
Brooks v. Rosebar – 4E00558408
Brooks v. Rosebar – 2013 CA 005913 R(RP)
ATCF II DC, LLC v. Rosebar – 2013 CA 003446 L(RP)
Oliver v. Rosebar – 2013 CA 003927 B
Bryant v. Rosebar – 2013 CA 004760
Ouabo v. Rosebar, et. al. – 2013 CA 006115
DC v. Rosebar – 2013 CTF 009722
Ouabo v. Studio Tech, et. al. 2013 SC3 00959

However, nine of the above ten cases either were filed by

the debtor against Brooks or have no apparent relationship to

Brooks at all.  The only listed case that is related to Brooks

and properly captioned "Brooks v. Rosebar" is Case No.

CAL13-03296.  It is not a lawsuit but reflects the docketing of a

foreign subpoena by the Circuit Court for Prince George's County.

Brooks Motion at p. 6; Exh. 9 to Brooks Motion (electronic

docket).  As to the other nine cases:

- Case No. 0501SP026522013 is not captioned "Brooks v.

   Rosebar" but was filed by an unknown party against an

   individual named Miriam Marquez.  Brooks Motion at p.

---

[2]   The excerpt appears virtually verbatim in the *Opposition
to Plaintiff's Motion for Summary Judgment* (at ¶ 21), *Limited
Opposition to Creditor David Brooks' [sic] Expedited Motion
Seeking Sanctions* (at ¶ 2), *Pretrial Statement* (at ¶ 17), the
opposition to the instant motion (at ¶ 22), and the opposition to
the May 28 motion (at ¶ 20).

6; Exh. 8 to Brooks Motion (electronic docket).

- Case No. 4E00558408 is not captioned "Brooks v. Rosebar" but is captioned "Rosebar v. Brooks" and was filed by Rosebar against Brooks.  Brooks Motion at p. 6; Exh. 1 (p. 30 of Dkt. No. 75) to Brooks Motion (complaint handwritten and signed by debtor); Exh. 5 to Brooks Motion (Maryland Judiciary Case Search Results).

- Case No. 2013 CA 005913 R(RP) is not captioned "Brooks v. Rosebar" but is captioned "Rosebar v. Brooks" and was filed by Rosebar against Brooks.  Brooks Motion at p. 6; Exh. 1 (p. 15 of Dkt. No. 75) to Brooks Motion (complaint handwritten and signed by debtor).

- ATCF II DC, LLC v. Rosebar, Case No. 2013 CA 003446 L(RP) involves a tax lien against property owned by the debtor.  Brooks Motion at p. 6; Exh. 11 to Brooks Motion (electronic docket).

- Case No. 2013 CA 003927 B is a breach of contract case brought against the debtor by an individual named Guy Oliver.  Brooks Motion at p. 6; Exh. 12 to Brooks Motion (complaint).

- Case No. 2013 CA 004760 is a breach of contract case brought against the debtor by an individual named Pamela Bryant.  Brooks Motion at p. 6; Exh. 12 to Brooks Motion (complaint).

11

- Case No. 2013 CA 006115 is a breach of contract case brought by an individual named Legrand Esale Ouabo against the debtor, Erin Rosebar, and Michael Jordan. Brooks Motion at p. 6; Exh. 12 to Brooks Motion (electronic docket).

- Case No. 2013 CTF 009722 is a criminal case in D.C. against the debtor, unrelated to Brooks.  Brooks Motion at p. 6; Exh. 10 to Brooks Motion (electronic docket).

- Case No. 2013 SC3 00959 is another breach of contract case brought by Ouabo against the debtor, Erin Rosebar, Michael Jordon, and Studio Tech.  Brooks Motion at p. 6; Exh. 12 to Brooks Motion (complaint).

In response, Johnson asserted that Case No. "0**5**01SP026522013" (emphasis added) was a typo and that he meant to refer to Case No. 0**6**01SP026522013 (emphasis added).  Johnson's Opposition ("Johnson Opp."), p. 1.  At the hearing of February 3, 2015, Johnson noted that his *Motion for Summary Judgment*, at ¶ 17, had referred to Case No. 0**6**01SP026522013 (emphasis added). Nevertheless, Johnson could have readily filed an amended *Motion for Summary Judgment* correcting that error.

Johnson's opposition offered no further response to Brooks's contentions and exhibits regarding the remaining eight cases, except to "copy and paste" the same language and case list that Brooks contends is incorrect and to resort to *ad hominem*

12

attacks.[3]  Johnson Opp., p. 5, ¶ 22.

As to the six cases that Johnson did not list as being *Brooks v. Rosebar*, Johnson admitted at the hearing of February 3, 2015, that he did not know if Brooks was aware of the plaintiffs and their claims before the plaintiffs filed those cases, which were:

    ATCF II DC, LLC v. Rosebar – 2013 CA 003446 L(RP)
    Oliver v. Rosebar – 2013 CA 003927 B
    Bryant v. Rosebar – 2013 CA 004760
    Ouabo v. Rosebar, et. al. – 2013 CA 006115
    DC v. Rosebar – 2013 CTF 009722
    Ouabo v. Studio Tech, et. al. 2013 SC3 00959.

Johnson asserted that in saying that Brooks "has a long history of either **filing** cases against the defendants [*sic*] or **instigating** cases against the defendants [*sic*]" (emphasis added) he meant that Brooks either filed the cases against Rosebar or that Brooks was **involved** in the lawsuits even if he did not cause others to file the lawsuits.  The word "instigate" does not mean to be "involved" after something has already commenced.  Instead, "instigate" means "to cause (something) to happen or begin."  Merriam-Webster Dictionary, available online at http://m-w.com/dictionary/instigate.

There is no evidence that Brooks filed or instigated any of

---

[3] For example, Johnson states without documentation that Brooks "appears to lie with ease in front of this Court," has put forth "misrepresentations and lies," and "has consistently demonstrated his willingness to lie to this Court," and that his "comfort level with lying to this Court is disturbing."  Johnson Opp., pp. 2, 6 (¶ 31), 9 (¶¶ 38-39).

the foregoing six cases, and Johnson did not comply with Rule
9011 in asserting that Brooks filed or instigated the six cases.
For example, when Johnson was asked on the witness stand how
Brooks instigated D.C.'s filing of a criminal case against
Rosebar for driving without a license, Johnson stated that Brooks
had subpoenaed the case records from the D.C. Department of Motor
Vehicles.  When asked how subpoenaing records from the DMV was
the equivalent of "instigating" D.C.'s filing of a criminal
complaint against Rosebar, Johnson replied, "It's an educated
guess."  That is not compliance with Rule 9011.

Similarly, when Johnson was asked whether he had evidence
that Brooks instigated Ouabo v. Rosebar (2013 CA 006115) and
Ouabo v. Studio Tech, et al. (2013 SC3 00959), Johnson pointed to
his Exhibit F (moved into evidence at the hearing).  Exhibit F
contains an *Application for Approval of Special Process Server*
and an affidavit, both signed by Brooks and reflecting that
Brooks served a summons on Erin Rosebar and Michael Jordan in
Case No. 2014 SC3 000024, similarly captioned Ouabo v. Studio
Tech, et al.  Exhibit F relates to a 2014 case separate and
subsequent to the two 2013 Ouabo cases listed by Johnson in his
motion for summary judgment and other filings.  Johnson provided
no evidence showing compliance with Rule 9011 with respect to
listing the two 2013 cases as filed or instigated by Brooks.

B.

Brooks also points to this second excerpt from the debtor's

*Motion for Summary Judgment*:[4]

> 25.  On or about November 21, 2013, the plaintiff filed
> a criminal complaint in the District of Columbia against
> Michael Rosebar once again alleging defendant Michael
> Rosebar "threatened to kill him."  A warrant, identified
> as  2013  CRW  003953, was  issued  and  executed  on
> defendant Michael Rosebar.

Case No. 2013 CRW 003953 actually relates to an arrest warrant

for the debtor based on a report by an individual named Lorell

Harper (who had previously hired the debtor for home renovations)

that the debtor threatened to kill her.  Brooks Motion at p. 6;

Exh. 13 to Brooks Motion (affidavit of Lorell Harper); Brooks

Reply at p. 4-5; Exh. 4 to Brooks Reply (police affidavit in

support of arrest warrant); Exh. 5 to Brooks Reply (hearing

transcript dated Nov. 25, 2013, in the matter of *Harper v.*

*Rosebar*).  It was not Brooks ("the plaintiff" referred to in the

*Motion for Summary Judgment* at ¶ 25) who made the report ("filed

a criminal complaint") leading to the warrant identified as 2013

CRW 003953.  Johnson offered no evidence showing that he had a

basis for alleging that Brooks filed the criminal report.

III

Bankruptcy Rule 9011 provides:

---

[4]  An identical paragraph appears in the debtor's *Opposition
to Plaintiff's Motion for Summary Judgment* (at ¶ 25), *Pretrial
Statement* (at ¶ 21), opposition to the instant motion (at ¶ 26),
and opposition to the May 28 motion (at ¶ 24).

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).  Rule 9011 is substantially identical to Federal Rule of Civil Procedure 11, and authorities interpreting Rule 11 are applicable to Rule 9011.  *Johnson v. McDow (In re McDow)*, 236 B.R. 510, 519 (D.D.C. 1999).

As Johnson correctly notes in his opposition, the central purpose of Rule 9011 is to deter baseless filing and encourage litigants to "stop and think" before making legal and factual contentions.  D. Opp., p. 7-8 (citing *Atkins v. Fischer*, 232 F.R.D. 116, 126 (D.D.C. 2005); *Cauderlier & Assoc. v. Zambrana*, 463 F. Supp. 2d 63, 64 (D.D.C. 2006); Advisory Committee Notes to 1993 Amendments to Rule 11).  Johnson acknowledges that Rule 9011 imposes an affirmative duty on attorneys to conduct an

16

objectively reasonable inquiry prior to filing to ensure adequate support for any legal and factual contentions.  D. Opp., p. 8 (citing *Lucas v. Spellings*, 408 F. Supp. 2d 8, 10 (D.D.C. 2006)); *see also Featherston v. Goldman (In re D.C. Sullivan Co.)*, 843 F.2d 596, 598-99 (1st Cir. 1988); *McDow*, 236 B.R. at 519 (citing *Artco Corp. v. Lynnhaven Dry Storage Marina, Inc.*, 898 F.2d 953, 956 (4th Cir. 1990); *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1173–1174 (D.C. Cir. 1985); *Cousin v. District of Columbia*, 142 F.R.D. 574, 577 (D.D.C. 1992).  By signing the filing, the attorney certifies that the factual contentions have or are likely to have evidentiary support.  D. Opp., p. 8 (citing Rule 11(b); *Atkins*, 232 F.R.D. at 126; *Ali v. Mid-Atlantic Settlement Servs., Inc.*, 235 F.R.D. 1, 3 (D.D.C. 2006)).

When determining the reasonableness of an investigation, the court may consider such factors as the amount of time available, reliance upon the client or another attorney for factual information, and the plausibility of the law utilized in the pleading.  *See County of Chesterfield v. Tamojira, Inc. (In re Tamojira, Inc.)*, 197 B.R. 815 (Bankr. E.D. Va. 1995) (citing *In re Oakgrove Village, Ltd.*, 90 B.R. 246, 250 (Bankr. W.D. Tex. 1988)).  A reasonable inquiry into the facts includes an examination of available relevant documents and, if they exist, case records.  *See, e.g.*, *Brown v. Federation of State Medical Boards*, 830 F.2d 1429 (7th Cir. 1987) (sanctioning attorney for

17

not reviewing the factual information contained in an already-developed record); *Comer v. Interstate United Corp.*, 118 F.R.D. 79, 87 (N.D. Ill. 1987) (sanctioning attorney for failure to make a reasonable inquiry into the case before filing, when a simple check of the client's EEOC file would have indicated that the claim was not timely).  An attorney cannot rely exclusively on a client's statements. *See, e.g.*, *Insurance Benefit Administrators, Inc. v. Martin*, 871 F.2d 1354, 1355 (7th Cir. 1989) (sanctioning an attorney who relied on client statements about the client's employment status despite the existence and availability of documents, such as W-2 forms, wage claim applications, and W-4 forms, which belied the client's statements); *Southern Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783 (5th Cir. 1986) ("Blind reliance on the client is seldom a sufficient inquiry and certainly not when the prior history of a case at the courthouse may well be dispositive, as here.") (abrogated on other grounds).

In addition, as Johnson acknowledges, Rule 9011 subjects parties and their counsel to sanctions when they insist upon maintaining a position after it is no longer tenable.  D. Opp., p. 8. (citing *Atkins*, *Cauderlier*, and the 1993 Advisory Committee Notes).

In the instant matter, the court concludes that Johnson, at best, failed to conduct a reasonable inquiry into the factual

18

allegations discussed above and, at worst, willfully repeated

allegations already shown by Brooks to be false.  An attorney

conducting a reasonable inquiry would at a minimum have verified

the case caption and history for each case cited as an example of

Brooks's purported litigiousness -- a task of no great effort in

this era of online case search tools and electronic dockets --

prior to making any assertions about those cases.  Johnson

claimed on several occasions that cases were filed by Brooks or

instigated by Brooks, contrary to easily-accessed evidence to the

contrary.  He failed to examine available case records before

launching accusations against Brooks about those cases and then

misrepresented those cases to the court.  Moreover, under Rule

9011(a)(1)(A), Johnson could have amended the offending document

to delete parts violating rule 9011 after Brooks brought certain

items to his attention.[5]  This has wasted the court's time and

placed a burden on non-attorney Brooks to track down each case,

collect documentation, and refute in detail each incorrect

accusation.  Johnson, in his opposition, does not claim that his

factual investigation was hampered by time constraints or that he

was required to rely on his client's statements.  Indeed, such

---

[5]  For example, at the very least Johnson ought to have
amended his *Motion for Summary Judgment* to correct the two
matters listed as being "Brooks v. Rosebar" which Johnson now
admits should have been listed as "Rosebar v. Brooks."  Leaving
the filing unchanged, with the representation that Brooks was the
plaintiff in cases in which he was not, was plainly a violation
of Rule 9011.

claims would not be credible given the long pendency of this case and related litigation and the availability of independent case records.

Johnson claimed at the hearing that his factual allegations, the vast majority of which were unsupported by any evidence, were only "background information" and not relevant to the merits of his motion for summary judgment. His apparent implication is that irrelevant allegations somehow cannot violate Rule 9011 regardless of the veracity of those allegations. The court finds this position, if indeed it is Johnson's position, repugnant. The idea that an attorney would be permitted to make false or unsupported allegations against another party, as long as the subject matter is irrelevant to the merits of the action, is inimical to the concepts of justice and fair play and runs contrary to an attorney's duties as an officer of the court. Indeed, an allegation that is irrelevant in addition to being unsupported by evidence is *more* susceptible to sanction, not less. *See, e.g.*, *Lockheed Martin Energy Systems, Inc. v. Slavin*, 190 F.R.D. 449, 458 (E.D. Tenn. 1999) (finding that the attorney violated Rule 11 by, *inter alia*, "pursuing a campaign of personal attacks on [opposing counsel] and asserting irrelevant matters to malign [opposing counsel's] character in an attempt to persuade the Court to discredit anything filed by [opposing counsel], without any legal or rational basis to believe such materials

were material in any way to the Court's determination"); *see also Zlotnick v. Hubbard*, 572 F. Supp. 2d 258, 275 (N.D.N.Y. 2008) (finding that scurrilous allegations which were irrelevant to the legal claims at issue violated Rule 11); *Hoatson v. New York Archdiocese*, No. 05 Civ. 10467(PAC), 2007 WL 431098, at *15-16 (S.D.N.Y. Feb. 8, 2007) (sanctioning attorney under Rule 11 for including irrelevant and inflammatory allegations in his filings).

The court thus finds that Johnson's conduct violated Rule 9011's requirement of a reasonable factual investigation. Moreover, the court finds that Johnson's conduct, in light of the ease of checking his allegations, his persistence in repeating his allegations even after Brooks provided documentation to the contrary, and his *ad hominem* attacks, raises the implication that Johnson made the allegations for an improper purpose such as harassment or delay.

IV

Having found that Johnson violated Rule 9011, the court must now determine the appropriate sanction.  Courts hold that the purpose of sanctions under either Rule 9011 or Rule 11 is not compensation, but deterrence.  *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1370 n.7 (4th Cir. 1991).  Rule 9011 sanctions "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated."

Fed. R. Bankr. P. 9011(c)(2).  The appropriate sanction in this

case is two-fold: (1) to require payment of Brooks's reasonable

attorney's fees, if any, and reasonable expenses incurred in

bringing his motion for sanctions; and (2) a fine payable to the

clerk of court in the amount of $100.   The court believes that

this is the least severe sanction that will be sufficient to

deter future similar conduct.  Brooks has had only occasional

assistance of an attorney.[6]  In a case in which the injured party

was represented at all times by an attorney, the specter of a

substantial award of attorney's fees acts as a prod to cause

withdrawal of the offending document, and, if the offending

document is not withdrawn, an award of such substantial

attorney's fees adequately serves the deterrent purposes of Rule

9011.  This is an egregious case of a violation of Rule 9011, and

because Brooks's recovery of his reasonable expenses and

attorney's fees is likely to be a relatively small amount and

have little deterrent effect, the additional sanction of a fine

---

[6]  In his opposition (Dkt. No. 82) to the debtor's motion
for sanctions (Dkt. No. 80), Brooks represents:

> Though the motion appears to have been drafted with
> little effort on the part of Johnson, responding to it
> and Johnson's other pleadings nonetheless placed a
> large burden on Brooks, who so far has incurred over
> $5,500 in legal fees.

That $5,500, which did not relate entirely to Brooks's motion for
sanctions, represents a relatively modest amount of attorney's
fees in comparison to the attorney's fees that would have been
incurred had Brooks had representation at all times.

22

of $100 (including the message it carries that the conduct is so egregious as to warrant the imposition of the additional sanction) is necessary to serve the deterrent purposes of Rule 9011.

V

An order follows granting Brooks's *Motion for Sanctions* to the extent discussed herein.

[Signed and dated above.]

Copies to: Plaintiff; recipients of e-notifications of filings.

The order below is hereby signed.

Signed: February 19 2015



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
MICHAEL LAWRENCE ROSEBAR,      )    Case No. 13-00535
                               )    (Chapter 7)
                Debtor.        )
_____ )
                               )
DAVID BROOKS,                  )
                               )
                Plaintiff,     )
                               )
        v.                     )    Adversary Proceeding No.
                               )    13-10036
MICHAEL LAWRENCE ROSEBAR,      )
                               )
                Defendant.     )

<u>ORDER GRANTING BROOKS'S *MOTION FOR SANCTIONS*</u>

Pursuant to a decision of this date, it is

ORDERED that Brooks is entitled to recover of debtor's attorney, Williams C. Johnson, Jr., the reasonable attorney's fees and expenses Brooks incurred in bringing his *Motion for Sanctions* (Dkt. No. 75). It is further

ORDERED that within 14 days after entry of this order,

Brooks shall file a statement of attorney's fees and expenses incurred in bringing his *Motion for Sanctions*, and within 14 days after the filing of that statement, Johnson may file an opposition to the amount sought. If Johnson fails to file a timely opposition, the court may, without holding a hearing, enter a judgment awarding Brooks a recovery from Johnson of the amount sought. It is further

ORDERED that within 30 days after entry of this order, the debtor's attorney, William C. Johnson, Jr., shall pay to the clerk of the court the sum of $100.00 as a sanction pursuant to Fed. R. Bankr. P. 9011 and file and serve on the plaintiff a notice that he has made that payment.  It is further

ORDERED that Brooks's motion is denied to the extent not granted.

[Signed and dated above.]

Copies to: Plaintiff; recipients of e-notifications of filings.

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:                                    )
      Michael Rosebar              )
          Debtor,            )      Case No.:     13-00535
                 )                       Chapter 7
_____ )
                 )
David Brooks                              )
          Plaintiff,          )
v.                                        )
                 )      Adv. Proc. No. 13-10036
Michael Rosebar                           )
         Defendant.           )
                 )
_____ )

## NOTICE OF APPEAL

**COMES NOW** the counsel for the debtor Michael Rosebar, William C.

Johnson, Jr., Esq., pursuant to Federal Rules of Bankruptcy Procedure, Rule 8001,

et. seq., hereby files this Notice of Appeal.  The appellant hereby appeals under 28

U.S.C. § 158(a)(1) from the order of the Bankruptcy Judge S.M. Teel entered in

this adversary proceeding identified as Docket Entries #20, #22, #130 and #129,

Adv. Proc. No. 13-10036, granting the creditor's Motion for Sanction under Rule

9011 on February 19, 2015.  Further Orders granting sanctions re to be included in

the request for relief.  RELIEF IS SOUGHT FROM A UNITED STATES

DISTRICT COURT JUDGE.

The names of all parties to the order appealed from are: William C.

Johnson, Jr., Esq. (Counsel) and David Brooks (Movant).

The names, addresses and telephone numbers of the respective attorneys for the parties are as follows:

Attorney for Debtor:    William C. Johnson, Jr., Esq.
           1101 15th St. NW
           Suite 203
           Washington DC 20005
           (202) 525-2958
           (202) 431-2650
           Fax (301) 288-7473
           WJohnson@DCMDConsumerlaw.com

Creditor (Pro-Se)     David Brooks
           8302 Westmont Ter.
           Bethesda, MD 20817
           DBrooks@comcast.net

February 23, 2015      ***/s/William C. Johnson, Jr.***
           William C. Johnson, Jr., Esq.
           Fed. Bar # 470314
           1101 15th St. NW
           Suite 203
           Washington, D.C. 20005
           (202) 525-2958

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this February 23, 2015, a copy of the foregoing was sent via ECF and first class mail to the following:

United States Trustee
115 S. Union St.,Suite 210
Alexandria. VA 22314

David Brooks
8302 Westmont Ter.
Bethesda, MD 20817
DBrooks@comcast.net

February 23, 2015      ***/s/William C. Johnson, Jr.***
           William C. Johnson, Jr., Esq.